UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVEN B. THOMAS,

              Plaintiff,

           -against-

NASSAU COUNTY POLICE DEPT.,
JOHN WELLENREUTHER,

              Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 12-4343 (JMA) (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is an action commenced pursuant to 42 U.S.C. §1983 alleging violation of Plaintiff's Eighth and Fourteenth Amendment rights. Defendants are Nassau County (the "County") and Nassau County Police Officer John Wellenreuther ("Wellenreuther" collectively "Defendants"). Plaintiff's complaint arises out of the events that led to his arrest after a robbery witnessed and stated to have been thwarted by Wellenreuther. Plaintiff claims that Wellenreuther, who was in plain clothes and off duty at the time of the robbery, shot at Plaintiff for no apparent reason. Defendants state that Wellenreuther shot at Plaintiff only after Plaintiff refused a command to stop, and attempted to flee the scene of the robbery. While Plaintiff was ultimately convicted of robbery, this action challenges the constitutionality of the use of force in connection with Plaintiff's arrest. Presently before the Court is plaintiff's motion to compel further responses to discovery. For the reasons set forth below, the motion is denied at this time with leave to submit additional information with respect to a particular claim of privilege.

DISCUSSION

I.      <u>Background</u>

The action arises out of incidents accompanying plaintiff's arrest following a 2011 robbery of a gas station. Briefly stated, Defendant Wellenreuther was present at the site of the robbery, but was, at the time, off duty. Wellenreuther intervened in the robbery by first commanding that Plaintiff stop. Wellenreuther states that instead of stopping, Plaintiff pointed a gun. Thereafter, Welleneuther fired two separate rounds from his service weapon. Plaintiff fled and a chase ensured which culminated in Plaintiff's arrest. Following his arrest, Plaintiff was transferred to Nassau University Medical Center where he was treated for a gunshot wound. He was later convicted of Robbery in the Second Degree and Third Degree Criminal Possession of a Weapon. Plaintiff thereafter commenced this action challenging Defendants' actions.

II.     The Motions to Compel

The parties have engaged in discovery, including the taking of Plaintiff's deposition and Defendants' service of particular responses to Plaintiff's requests for documents. See DE [40] (noting Defendants' responses to Plaintiff's written discovery) and DE [55] (noting the taking of Plaintiff's deposition). Presently before the court are Plaintiffs' motions to compel Defendants to provide more definitive responses to discovery demands. See Docket Entries ("DE") [49], [52]. Plaintiff also seeks a hearing in connection with the motions. DE [53].

Plaintiff's motions argue that Defendants' discovery responses are incomplete, deceitful and not properly verified. DE [49] and [52]. Defendants state that they have provided adequate responses that comply with the verification requirement of the Federal Rules of Civil Procedure. DE [55]. As to the adequacy of their responses, Defendants note that they have produced certain Nassau County Police Department policies and procedures regarding responsibilities of police officers while on and off duty, justification for discharge of firearms while on and off duty and use of deadly force. They have further produced information regarding the incident at the gas

station. Thus, Defendants have produced transcripts of radio and dispatcher calls made in the course of the robbery and pursuit at issue, police officers' memorandum book entries, sworn statements from the two victim gas station employees setting forth the details of the robbery, additional sworn statements from other witnesses, and the Police Department's official Arrest Report, Crime Report and Case Report which contain detailed narratives of the robbery, pursuit and arrest of the plaintiff. DE [55].

While Defendants have thus produced general procedures as well as and all documents generated as a result of the 2011 incident which led to Plaintiff's arrest, they have withheld certain identified policies. Specifically, Defendants have withheld documents entitled: "Police Operations," POL 4200, Use of Force, and Department Procedures, OPS 12420, "use of Deadly Force." These documents are withheld pursuant to Defendants' assertion of the Law Enforcement Privilege," as discussed and set forth in Schiller v. City of New York, 244 F.R.D. 273, (S.D.N.Y. 2007). DE [55]. Specifically, Defendants argue that the documents are being withheld to prevent disclosure of law enforcement techniques and procedures. See In re Dep't. of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988).

In addition to the claim of privilege above, Defendants have refused to produce Defendant Wellenreuther's personal information such as his address, date of birth and social security number. The information sought is stated to be both irrelevant to the claims herein and protected by Section 50(a) of the New York Civil Rights Law. Defendants object to production of Wellenreuther's personnel file and work evaluations on the same statutory ground.

III. Disposition of the Motions

    A. Law Enforcement Privilege: Standards

The law enforcement privilege is a qualified common law privilege that protects the confidentiality of information related to law enforcement activities. The privilege covers law enforcement activities. Dinler v. City of New York, 607 F.3d 923, 941 (2d Cir. 2010). The privilege protects against disclosure of, inter alia, "law enforcement techniques and procedures . . . ." Id. at 944. The party asserting the privilege bears the burden of showing its application. See Id. at 950. Application of the law enforcement privilege is determined pursuant to a burden shifting framework. Adams v. City of New York, 993 F. Supp.3d 306, 313 (E.D.N.Y. 2014). The party asserting the privilege must first "demonstrate that the documents contain information that the law enforcement privilege is intended to protect." Id. (citation omitted). Arguably relevant here are those branches of the privilege protecting information that: (1) "pertain to law enforcement techniques and procedures," (2) "would endanger witness and law enforcement personnel" and/or (3) "would seriously impair the ability of a law enforcement agency to conduct future investigations." Id.

As to the initial burden, assertion of the privilege must be supported by a clear showing of harm if the information is disclosed. MacNamara, 249 F.R.D 70, 79 (S.D.N.Y. 2008). Because the privilege protects not only particular information derived from police intelligence, but also more general law enforcement techniques and procedures, it can be asserted on the ground that production of the documents sought would seriously impair the ability to conduct future investigations. MacNamara v. City of New York, 249 F.R.D. at 78.

If the party asserting the privilege makes this initial showing, the court determining application of the privilege then balances "the public interest in nondisclosure against 'the need of a particular litigant for access to the privileged information." Id. Factors favoring non-disclosure include "(1) the threat to police officers' safety, (2) the invasion of police officers'

4

privacy, such as through disclosure of officers' personnel records, (3) the weakening of law enforcement programs, and (4) the chilling of police internal investigative candor. <u>MacNamara</u>, 249 F.R.D. at 80 (quoting <u>King v. Conde</u>, 121 F.R.D. 180, 191-93 (E.D.N.Y. 1988). Factors favoring disclosure include showing that (1) the lawsuit at issue is non-frivolous and brought in good faith; (2) the information sought is not available through other discovery or from other sources, and (3) a "compelling need" for the protected information. <u>Id.</u> Factors favoring non-disclosure include: (1) the threat to police officers' safety; (2) the invasion of police officers' privacy, such as through disclosure of officers' personnel records; (3) the weakening of law enforcement programs, and (4) the chilling of police internal investigative candor. <u>King</u>, 121 F.R.D. at 191-93.

      B.     <u>Disposition of Claim of Privilege</u>

As noted, Defendants state that they are withholding documents described as "Department Policies, "Police operations," "POL 4200, Use of Force, and Department Procedures, OPS 12420, "Use of Deadly Force," pursuant to the law enforcement privilege. Other than simply asserting that the privilege applies, Defendants have not described why application is appropriate. In light of the requirement that the party asserting the privilege make a clear showing of harm if the information is disclosed, <u>MacNamara</u>, 249 F.R.D at 79, this Court holds Defendants' assertion of the privilege has not made a sufficient showing. In light of the possibility that disclosure of the information would, indeed, lead to the harm asserted, especially when considering the issue of whether such information is within the scope of discovery herein, the court will not, at this time order production of the documents withheld. Instead, the Court will grant Defendants an additional two weeks in which to properly supplement their claim of privilege. Once that submission is made the Court will be in a position to undertake the proper

balancing to determine whether the application applies. Accordingly, the Court directs Defendants to supplement their claim of privilege with additional arguments and precedent, including, if available, any other case in which the law enforcement privilege has been upheld with respect to these specific documents. In addition, and in light of the fact that Defendants have already produced certain policy and procedure documents as described above, Defendants' submission shall include a discussion providing a meaningful distinction between those documents already produced and the documents that it seeks to withhold on the basis of privilege. Defendants' submission shall be filed electronically on or before **April 8, 2016**.

    B.    <u>Section 50-a</u>

New York Civil Rights Law §50-a provides (in pertinent part):

> **All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency** or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriff's department or a department of correction of individuals employed as correction officers and such personnel records under the control of a paid fire department or force of individuals employed as firefighters or firefighter/paramedics and such personnel records under the control of the department of corrections and community supervision for individuals defined as peace officers pursuant to subdivisions twenty-three and twenty-three-a of section 2.10 of the criminal procedure law and such personnel records under the control of a probation department for individuals defined as peace officers pursuant to subdivision twenty-four of section 2.10 of the criminal procedure law **shall be considered confidential and not subject to inspection or review without the express written consent of such police officer**, firefighter, firefighter/paramedic, correction officer or peace officer within the department of corrections and community supervision or probation department except as may be mandated by lawful court order.

Wellenreuther is undisputedly a police officer in New York State. As such, his personnel records are confidential, including his social security number, date of birth, address and performance evaluations. It is therefore, appropriate that the Defendants withheld that information. Notwithstanding this confidentiality, Defendants have provided Plaintiff with copies of all

6

civilian complaints against Wellenreuther. This Court finds that such a production is a sufficient response to Plaintiff's demand.

    C.    Additional Responses

With the exception of the documents discussed above, this Court has reviewed Plaintiff's demands and Defendants' responses and finds that Defendant has provided sufficient responses to Plaintiff's demands that comply with the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons this Court denies the motions to compel set forth as Docket Entries [49], [52] and [53]. **The denial of the motions is without prejudice to Defendants' submission of the additional information referred to in this opinion on or before April 8, 2016.** Upon such submission the Court will deem the motions renewed and rule upon Defendants' claim of privilege. **Defendants' failure to submit the information and argument required herein will result in this Court ordering that the withheld documents be produced.**

As to the completion of discovery, to the extent Plaintiff seeks to depose any additional witnesses, Plaintiff is granted until May 13, 2016, to do so. The first step in dispositive motion practice must be taken by May 23, 2016.

Defendants shall serve a copy of this order on Plaintiff forthwith and file proof of such service on the docket herein.

Dated: Central Islip, New York
       March 21, 2016

                                                /s/ Anne Y. Shields
                                               ANNE Y. SHIELDS
                                               United States Magistrate Judge